IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CRAVEN CASPER,                      )
                                    )
        Petitioner,                 )
                                    )
        v.                          )        CASE NO. 2:22-CV-53-RAH-SMD
                                    )                [WO]
ALAN COHEN, WARDEN,                 )
                                    )
        Respondent.                 )


**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.    INTRODUCTION

*Pro se* Petitioner Craven Casper filed this application for habeas relief on January 27, 2022, while he was incarcerated at FPC Montgomery in Montgomery, Alabama. On February 25, 2022, Casper filed a motion seeking entry of an order by this Court granting his immediate release from detention based on the Bureau of Prisons' ("BOP") failure to release him from FPC Montgomery beyond his approved release date of February 23, 2022. Doc. 14 at 1. While in the process of completing his release documents, Casper maintains the "BOP/FPC Montgomery 'pulled' [his] release date and furlough application due to 'paperwork issues.'" *Id.* at 2. Prison staff, Casper claims, failed to file the appropriate paperwork with the United States Probation Office in Washington, D.C. resulting in his continued confinement without a scheduled release date. *Id.* Casper requests entry of an

order by this Court directing his immediate release from BOP confinement at FPC Montgomery.[1]  *Id.*  at 6.

As directed by Order of February 28, 2022 (Doc. 15), Respondent filed a response, including supporting evidentiary materials, to Casper's request for immediate release arguing the motion is due to be denied because Casper failed to exhaust his available administrative remedies. Doc. 19 at 4–5. Respondent further maintains that even if Casper had exhausted his administrative remedies, the motion is due to be denied as moot because Casper was released from BOP detention to home confinement in Washington D.C. on March 1, 2022, under the CARES Act.[2] *Id.* at 5–6. The Court granted Casper an opportunity to reply to Respondent's response and he did so. Doc. 21.

## II.    DISCUSSION

The jurisdiction of federal courts is limited by Article III of the Constitution to ongoing "Cases" or "Controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give

---

[1] The Court addresses only Casper's motion challenging the BOP's failure to release him from custody to a Residential Reentry Center ("RCC") on February 23, 2022. To the extent Casper's motion also presents a challenge to the calculation of and award of program credits to his sentence under the First Step Act of 2018 ("FSA") (Pub. L. No. 115–391, §§ 504, 603, 132 Stat. 5194 (2018), the recalculation of which, if successful, may reduce the term of his supervised release, Casper presents this claim in his habeas application which remains pending before the Court for review and disposition.

[2] On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was signed into law. Pub. L. No. 116-136, 134 Stat. 281. Section 12003(b) of the CARES Act expanded the maximum period an inmate may spend on home confinement. Prior to the CARES Act, 18 U.S.C. § 3624(c)(2) limited the BOP's authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."

meaningful relief." *Barrera v. United States Attorney Gen.*, 557 F. App'x 877, 881 (11th Cir. 2014) (per curiam ) (citation omitted); *Soliman*, 296 F.3d at 1242. "[T]hroughout the litigation, the plaintiff must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation marks and citation omitted).

Respondent filed the declaration of Cheannette Tate, Case manager at FPC Montgomery. Ms. Tate states:

> Inmate Casper alleges he is owed program credits under the First Step Act (FSA), which would make him eligible for immediate release to a Residential Reentry Center (RRC or "halfway house").

> When unit team was recommending inmate Casper for RRC, February 23, 2022, was a suggested date. However, inmates are informed the ACTUAL date is determined by the RRC, because one of the chief factors to determine the placement date is bed space. The RRC inmate Casper was going to did not have bed space on February 23, 2022, therefore they changed the RRC date to May 31, 2022, based on when they would have bed space.

> Inmate Casper took it upon himself to choose "airplane" as his method of travel. He also chose to have his fiancé to purchase a flight to meet him to accompany him to the halfway house.

> Once his RRC date was changed to a later date, I saw that inmate Casper's sentence computation showed his home detention eligibility date was February 1, 2022 and he was transferred to home confinement on March 1, 2022.

Doc. 19-2 at 2 –3 (paragraph numbers omitted); *see also* Doc. 19-3 (Release Authorization).

In the pending motion, Casper challenges his continued detention in BOP custody claiming he is being held past his RRC release date. The case manager at FPC Maxwell

and BOP records confirm Casper was released to home confinement on March 1, 2022. Thus, Casper's challenge to the correctness of the BOP's determination regarding the timing of his release from detention and his RRC placement is now moot because Casper was transferred to RRC placement on March 1, 2022. *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (dismissing § 2241 appeal as moot because inmates had received the requested relief of placement in an RRC). Consequently, there is no case or controversy for which the Court can grant meaningful relief regarding Casper's request for an Order by this Court granting his immediate release from detention. *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted) (explaining that "[i]t has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."). The motion is therefore due to be denied as moot.

## III.   CONCLUSION

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS that Petitioner Craven Casper's motion for immediate release (Doc. 14) be DENIED as moot.

It is ORDERED that by **August 2, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of July, 2022.


  /s/   Stephen M. Doyle                      
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE