IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CRAVEN CASPER, <br> Reg. No. 35718-016, <br><br> Petitioner, <br><br> v. <br><br> CHIEF UNITED STATES <br> PROBATION OFFICER, <br> SOUTHERN DISTRICT <br> OF FLORIDA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: 2:22-CV-53-RAH |

# **ORDER**

On January 27, 2022, Petitioner Craven Casper, a prisoner at FPC Montgomery, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking an order that the Bureau of Prisons ("BOP") apply 12 months of First Step Act credit toward his term of imprisonment and allow him to begin his term of supervised release. (Doc. 1.) On January 23, 2024, the Magistrate Judge recommended that the request for release from incarceration should be dismissed with prejudice as moot and that his challenge to the amount of FSA credits should be dismissed without prejudice due to his failure to exhaust administrative remedies. In addition, the Magistrate Judge recommended that, to the extent Petitioner seeks a reduction of his term of supervised release based on FSA credits, the request should

be denied with prejudice. On February 6, 2024, Petitioner filed Objections (Doc. 52) to the Magistrate Judge's Recommendation.

First, Petitioner objects to the Magistrate Judge's finding that he failed to exhaust his remedies. The Petitioner, however, raises essentially the same arguments as those raised in his petition. Furthermore, there is no merit to his contention that "if the court believed that the Administrative Remedy Process was not fully and properly exhausted," this Court could have compelled the Bureau of Prisons to produce "the actual original documents" or provided him an opportunity to cure the deficiency by pursuing the BOP administrative process. (Doc. 52 at 4.) As discussed in the Recommendation, the Respondent produced the records it received from Petitioner and maintained in its computerized record system (SENTRY) which contains electronic records for tracking prisoner requests and responses. The SENTRY records reflect that Petitioner failed to fully exhaust the BOP's administrative remedy. The exhaustion of available remedies is a pre-condition to filing suit. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).

Petitioner also objects to the substitution of the Chief United States Probation Officer for the Southern District of Florida as the Respondent. He argues FPC Montgomery Warden Allen Cohen should not have been terminated as a defendant. Petitioner was released from the prison facility to home confinement on June 28,

2022. Thus, the proper custodian is the Chief United States Probation Officer.

Finally, Petitioner disagrees with the Magistrate Judge's finding that additional or outstanding federal earned FSA credits cannot offset or reduce a term of supervised release. He, however, does not point the Court to any legal or factual error with respect to this matter. Moreover, 18 U.S.C. § 3583 governs supervised release after imprisonment. Thus, to the extent Petitioner argues his supervised release term should be modified under § 3583, the appropriate avenue for such relief is in the sentencing court.

Upon conducting an independent and de novo review of the record, *see* 28 U.S.C. § 636(b), the Court concludes Petitioner's Objections are without merit. Accordingly, it is

ORDERED as follows:

(1) The Objections (Doc. 52) are OVERRULED;

(2) The 28 U.S.C. § 2241 Petition for Habeas Corpus relief seeking his release from detention is DISMISSED without prejudice[1] as moot;

(3) The 28 U.S.C. § 2241 Petition for Habeas Corpus relief regarding the amount of FSA credits awarded be DISMISSED without prejudice for failure to exhaust administrative remedies; and

---

[1] The Magistrate Judge recommended dismissal of this request with prejudice. Out of an abundance of caution, the Court will dismiss this request without prejudice.

(4) The 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Craven Casper seeking a reduction in his term of supervised release based on application of FSA credits be DENIED with prejudice.

DONE, on this the 15th day of March 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE